IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **WILLIAM RAY SPONSLER #1747110** § | |
| § | |
| V. § | A-11-CA-453-SS |
| § | |
| **CITY OF CEDAR PARK, et al.** § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); Plaintiff's more definite statement (Document No. 6); Plaintiff's Motion for Summary Judgment (Document No. 44); Defendants' Motion for Summary Judgment (Document No. 46); Defendants' response to Plaintiff's Motion for Summary Judgment (Document No. 47); and Plaintiff's supplement (Document No. 54).  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### I.  BACKGROUND

At the time he filed his complaint, Plaintiff was confined in the Williamson County Jail. Plaintiff was subsequently convicted of possession of a controlled substance and possession of a firearm by a felon and transferred to the Texas Department of Criminal Justice - Correctional Institutions Division.

Plaintiff accuses the defendants of violating his Fourth Amendment right to be secure in his house, papers and effects against unreasonable searches and seizures and his Fifth Amendment right to due process. Pl. Compl. [#1] at 3. In his more definite statement Plaintiff adds his Fourteenth Amendment right to due process was also violated. Pl. More Def. Stmt. [#6] at 3. According to Plaintiff, at approximately 11:00 p.m. on October 20, 2010, Police Detective John D. Hawkins ordered and executed a military-style S.W.A.T. assault on a garage located on the property of Mr. and Ms. Sponsler in Cedar Park. Pl. Comp. [#1] at 6. Plaintiff asserts Hawkins ordered the S.W.A.T. to kick in the locked door of the garage without announcement, presentation of an authorizing warrant, or exigent circumstance. Id. 6-7. Plaintiff claims Detective Hawkins filed an affidavit for a search warrant three hours after the search was conducted. Id. at 7. Plaintiff further claims Detective Hawkins lied in the affidavit when he stated he had arrested Plaintiff in the past for manufacturing methamphetamine. Id. Plaintiff indicates he was arrested and claims his left shoulder was dislocated or broken during his arrest even though he was not combative or in possession of any weapons or illegal substances.[1] Id. Plaintiff alleges he was dragged approximately 120 feet and locked in the backseat of a patrol car while officers searched the property. Id.

Plaintiff originally sued the City of Cedar Park, the Cedar Park Chief of Police, Cedar Park Police Detective John D. Hawkins, Cedar Park Police Officer #1, and Cedar Park Police Officer #2. Plaintiff later identified Cedar Park Police Officer #1 as Cedar Park Police Officer Joseph Christensen #1292 and Cedar Park Police Officer #2 as Cedar Park Police Detective Michelle

---

[1]Plaintiff notes as of May 20, 2011, his left shoulder remains untreated. Plaintiff claims his left clavicle is separated or broken loose at the upper shoulder and threatens to puncture through the skin. Plaintiff contends it is a very painful condition for which the jail's physician has only prescribed ibuprofen. Pl. Comp. [#1] at 8.

Christensen #1321.  Plaintiff requests $4.7 million, his immediate release from custody and a stay of prosecution.

Plaintiff moves for summary judgment [#44].  Plaintiff argues the defendants violated his constitutional rights when they acted on a search warrant before the judge authorized it.  He contends the Cedar Park Police Department's arrest report conclusively establishes he was arrested at 12:54 a.m. on October 21, 2010.  See Pl. MSJ [#46] Exhibit 2A.  Attached to Plaintiff's original complaint is the search warrant purportedly executed at 1:43 a.m. on October 21, 2010.  Pl. Compl. [#1] at Exhibit 6.  Plaintiff suggests this proves the defendants did not seek an arrest warrant until after he was arrested.  Plaintiff denies Defendants are entitled to qualified immunity.

Defendants also move for summary judgment [#46].  They argue Plaintiff's claims regarding the search and seizure are precluded by his conviction pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).  They also argue they are entitled to qualified immunity, because Plaintiff's claims do not rise to the level of a constitutional violation.  They further argue Plaintiff has failed to establish liability on the part of the City of Cedar Park.

According to Defendants, Jacob B. Thompson, an employee of the Williamson County Sheriff's Office who had been on the job two months, incorrectly responded to Plaintiff's "Inmate Request/Complaint Form," wherein Plaintiff requested the time of his arrest.  Using the jail records available to Thompson, he provided a time of arrest of "12:54 a.m."  Attached to Defendants' Motion for Summary Judgment is Thompson's affidavit where he clarifies 12:54 a.m. is the time the Cedar Park Police Department began to keep an official record of the events involving Plaintiff's arrest.  See Def. MSJ [#46] at Exhibit A.

3

Also attached to Defendants' Motion for Summary Judgment is the affidavit of Detective Hawkins. Id. at Exhibit B. According to Hawkins, he presented an affidavit for search warrant to Judge Silverstone at 1:30 a.m. on October 21, 2010. Id. Hawkins attests Judge Silverstone signed a search warrant at 1:43 a.m. that same day. Id. Immediately after Judge Silverstone signed the search warrant, Hawkins asserts he placed a telephone call to the other Cedar Park Police Department officers, who were waiting at Plaintiff's residence, and instructed they were legally authorized to execute the search warrant. Id. Hawkins indicates the search was executed and served on Plaintiff at 1:47 a.m. on October 21, 2010. Id.

Officer Joseph Christensen's affidavit is also attached to the Motion for Summary Judgment. See Def. MSJ [#46] at Exhibit C. J. Christensen attests he received a call from Detective Hawkins at approximately 1:43 a.m. on October 21, 2010, indicating a Williamson County Judge had signed the search warrant. Id. J. Christensen states he was present when Plaintiff was arrested. Id. According to J. Christensen, Plaintiff did not resist arrest and there was no type of physical altercation between Plaintiff and the arresting officers. Id. J. Christensen attests he did not observe anyone exert any type of physical force or violence upon Plaintiff and he did not hear Plaintiff complain about any type of discomfort or injury. Id.

Detective Michele Christensen's affidavit is likewise attached to the Motion for Summary Judgment. See Def. MSJ [#46] at Exhibit D. M. Christensen confirms the time 12:54 a.m. is the time Cedar Park police officers began recording matters in their report and 1:47 a.m. is the time the search warrant was executed. Id. According to M. Christensen, Plaintiff's arrest occurred shortly after the search began. Id.

Attached to Defendants' Motion for Summary Judgment is the affidavit of Officer Justin Miller. See Def. MSJ [#46] at Exhibit E. Miller attests he was not present when the search was initiated or when Plaintiff was taken into custody. Id. Instead, Miller explains he was the officer who transported Plaintiff to the Williamson County Jail and released him to jail staff. Id. Miller asserts he did not observe any physical injury of Plaintiff and Plaintiff did not complain during Miller's search of him or during transport about any alleged injury or physical violence being committed upon him on the night of his arrest. Id. Miller attests Plaintiff did not request medical assistance, did not complain of any injury upon arrival at the jail, and did not appear to be injured in any way. Id.

## II. ANALYSIS

A.   Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.[2]

---

[2] Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. See FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

  B.  Heck v. Humphrey

Plaintiff's claims challenging the search of his property and his seizure are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck, the Supreme Court held:

6

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87, 114 S. Ct. at 2372.

If Defendants were found to have conducted an illegal search and seizure on October 21, 2010, the evidentiary basis, and thus the validity, of Plaintiff's convictions for possession of a controlled substance and a firearm would be called into doubt. Accordingly, Plaintiff's claims regarding the allegedly illegal search and seizure do not accrue until his convictions for possession of a controlled substance and a firearm have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. Consequently, Plaintiff's claims regarding an alleged illegal search and seizure on October 21, 2010, are not cognizable under § 1983 and should be dismissed. Id.; Porter v. Richardson, 2006 WL 740992, *3 (N.D. Tex. Mar.13, 2006) (finding that Heck barred plaintiff's claims of illegal search and seizure because plaintiff was convicted of possession of a controlled substance as a result of the search.).

    C.    <u>Qualified Immunity</u>

The individual defendants also assert their entitlement to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct.

2727 (1982). Immunity in this sense means immunity from suit, not merely from liability. Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995). To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations." Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria—whether plaintiffs' facts allege a constitutional violation—must be decided at the outset. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). More recently, the Court has held that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808 (2009).

### 1. Fifth Amendment

Plaintiff's Fifth Amendment claim of a denial of his right to due process fails. The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor. Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996). Plaintiff has not alleged the defendants were acting under authority of the federal government. Accordingly, Defendants are entitled to summary judgment on Plaintiff's Fifth Amendment claim.

      2.      <u>Fourth and Fourteenth Amendments - Illegal Search and Seizure</u>

Plaintiff's claims under the Fourth and Fourteenth Amendments likewise fail. The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures. Generally, a search or seizure without probable cause or a warrant is a violation of the Fourth Amendment. <u>United States v. Jones</u>, 234 F.3d 234, 239 (5th Cir. 2000). The Fourteenth Amendment protects individuals against denial of due process. <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 846, 118 S .Ct. 1708 (1998). To prevail on a constitutional claim of "unlawful arrest" or "wrongful arrest," a plaintiff must show that he was arrested without probable cause. <u>Brown v. Lyford</u>, 243 F.3d 185, 189 (5th Cir. 2001).

Plaintiff alleges Cedar Park police officers conducted an illegal search of his property and seizure of his person on October 21, 2010, because his property was searched before the judge signed the search warrant. As a result, he was convicted of possession of a controlled substance and possession of a firearm by a felon. However, the summary judgment evidence demonstrates the Williamson County judge signed the search warrant prior to the search of the premises and arrest of Plaintiff. Plaintiff's claim is based upon a clerical mistake, inadvertently made in response to an Inmate Request by Plaintiff for records. Plaintiff's allegations also do not support a claim for wrongful arrest. Plaintiff does not allege a lack of probable cause. In fact, attached to the affidavit of Detective Michele Christensen is her offense report in which she states 7.1 grams of methamphetamine and numerous paraphernalia items were located in Plaintiff's garage. <u>See</u> Def. MSJ [#46] at Exhibit D, Attachment A-4. Moreover, Plaintiff was convicted of the crimes for which he was arrested. Accordingly, Plaintiff has not established a constitutional violation for the alleged illegal search and seizure.

### 3. Fourth Amendment - Excessive Force

Plaintiff alleges the Cedar Park S.W.A.T. team kicked in his locked door and dislocated/broke his left shoulder as they handcuffed and arrested him. Claims of excessive force in the course of a seizure are analyzed under the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865 (1989). "To succeed on an excessive force claim [under 42 U.S.C. § 1983], a plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable." Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotation marks omitted). "In gauging the objective reasonableness of the force used," the court "must balance the amount of force used against the need for that force." Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir. 1996).

Other than alleging he was handcuffed, Plaintiff does not allege any particular person used any force against him during his arrest. Plaintiff admits he was not combative and Officer J. Christensen, who witnessed the arrest, attests there was no physical altercation between Plaintiff and the arresting officers. In addition, J. Christensen did not observe anyone exert any type of physical force or violence upon Plaintiff. Plaintiff has not named the arresting officers as defendants. There is no evidence any of the named defendants were personally involved in the handcuffing of the plaintiff. Accordingly, Plaintiff has not demonstrated a constitutional violation was committed by the defendants.

### D. Municipality Liability

Plaintiff's claims brought against the City of Cedar Park and the defendants in their official capacities also fail. As explained by the Defendants, a political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other

words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. Id; Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115, 112 S. Ct. 1061 (1992). Thus, Cedar can violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S. Ct. 3476 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action can represent an act of official government "policy." Pembaur v. Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299 (1986). Plaintiff has failed to identify a policy, practice or custom of Cedar Park that caused a deprivation of his constitutional rights, and thus his claim against the City fails.

     E.     Habeas Claims

In addition to seeking monetary damages, Plaintiff seeks his immediate release from jail. To the extent Plaintiff seeks his immediate release, Plaintiff must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490, 93 S. Ct. 1836-37 (1973). The Court should not construe this action as a request for habeas corpus relief. If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or

successive" motions. See e.g. Castro v. United States, 540 U.S. 375, 124 S. Ct. 786 (2003). Additionally, Plaintiff makes no allegations suggesting he has exhausted his state court remedies.

Plaintiff also requests the Court to stay his state court criminal prosecution. This request also is not proper in a civil rights complaint. Moreover, the request is moot, because Plaintiff was convicted and sentenced on September 30, 2011. See Def. MSJ [#46] at Exhibit F.

### III.  RECOMMENDATION

The undersigned recommends that the District Court **DISMISS** Plaintiff's requests for habeas corpus relief without prejudice to refiling in an application for habeas corpus relief and **DISMISS** his claims challenging the alleged illegal search of his property and his seizure without prejudice to refile once the conditions of Heck are met. The undersigned further recommends that the District Court **DENY** Plaintiff's Motion for Summary Judgment [#44] and **GRANT** Defendants' Motion for Summary Judgment [#46].

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of March, 2012.

                                                    ANDREW W. AUSTIN
                                                  UNITED STATES MAGISTRATE JUDGE